UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 86-CR-00322-RAR/Becerra

UNITED STATES OF AMERICA

vs.

**RICHARD JOSEPH**,

    Defendant.
_____/

### ORDER REJECTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Magistrate Judge Jacqueline Becerra's Report and Recommendation on Defendant's Motion for Compassionate Release, entered on May 16, 2022. [ECF No. 850] ("Report"). Defendant requests compassionate release and re-designation to home confinement under 18 U.S.C. section 3582(c)(1)(A), as set forth in Application Note 1(B) of section 1B1.1 of the Sentencing Guidelines. [ECF No. 828] ("Motion"). Magistrate Judge Becerra recommends that the Motion for Compassionate Release filed by Defendant Richard Joseph be granted. *See generally* Report. However, because Defendant was convicted of offenses committed before November 1, 1987, Defendant cannot seek compassionate release under section 3582(c)(1).[1] Thus, the Court having carefully reviewed the Report,[2] the record, and being otherwise fully advised, it is hereby

---

[1] On February 11, 2021, the Court denied a previous Motion for Compassionate Release filed by Mr. Joseph. [ECF No. 821]. In the Order Denying Reduction of Sentence, the Court reached a merits-based determination under section 3582(c)(1)(A). It should not have. As explained herein, Mr. Joseph is not eligible for compassionate release under section 3582(c)(1)(A). The Court notes that neither the Government nor defense counsel addresses this fundamental issue in any of their briefing on the Motion.

[2] The period for objections expired on May 31, 2022. Report at 19. As of the date of this Order, the Government has not filed any objections to Magistrate Judge Becerra's Report. Further, the Court held a hearing on June 2, 2022, [ECF No. 852], during which the Government confirmed that they do not object to the Report.

**ORDERED AND ADJUDGED** that the Report **[ECF No. 850]** is **REJECTED** as set forth herein and Defendant's Motion for Compassionate Release **[ECF No. 828]** is **DENIED.**

## BACKGROUND

On January 15, 1987, the District Court sentenced Mr. Joseph to 150 years' imprisonment after a jury found Mr. Joseph guilty of offenses including conspiracy to possess with intent to distribute cocaine and heroin, and possession and distribution of heroin.  Report at 2.  At that time, the District Court noted that Mr. Joseph would not become eligible for parole until he had served at least forty years of his sentence.  *Id*.  As of the date of the Report, Mr. Joseph has served thirty-six years of his 150-year sentence.  *Id*.

Prior to the filing of the instant Motion, Mr. Joseph had filed multiple Motions for Recommendation by the Court for Re-Designation to Home Confinement for the Remainder of his Sentence and Motions for Compassionate Release.  *Id*. at 2–5; *see* [ECF Nos. 798, 812, 822, 824].  Most recently, the Court denied Mr. Joseph's Motion for Compassionate Release on June 18, 2021.  On November 18, 2021, Mr. Joseph, now through counsel, filed the instant Motion for Compassionate Release.

## ANALYSIS

District courts can modify prison sentences only in limited circumstances set out by federal statute.  *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)).  The federal statutes governing when a district court may modify a prison sentence set out two distinct statutory schemes—one under 18 U.S.C. section 3582 and another under 18 U.S.C. section 4205.  *Id.* at 1229.

Mr. Joseph files the instant Motion pursuant to the First Step Act ("FSA"), passed by Congress in 2018.  Report at 5.  Prior to the First Step Act, Congress passed the Sentencing Reform Act ("SRA") of 1984.  *See King*, 24 F.4th at 1228.  The SRA repealed section 4205, the previous

statute which governed the procedures by which a prisoner could motion for compassionate relief, and added section 3582 to the criminal code. *United States v. Jackson*, 991 F.3d 851, 852 (7th Cir. 2021). Most recently, the FSA amended section 3582(c)(1) to allow "certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *See King*, 24 F.4th at 1228. Those "certain inmates" include **only those** prisoners who committed offenses on or after November 1, 1987, the effective date of the SRA. *Id.* (emphasis added); *see also Jackson*, 991 F.3d at 852. Inmates who committed offenses on or before October 31, 1987, remain subject to section 4205, and cannot seek relief under section 3582(c)(1). As explained in *Jackson*,

> Section 3582 was added to the Criminal Code (i.e., Title 18) by the 1984 [Sentencing Reform] Act, which contains a transition provision. As amended in 1987, this transition rule provides that its provisions "shall apply only to offenses committed after the taking effect of this chapter." Pub. L. No. 100-182, 101 Stat. 1266 § 2, 18 U.S.C. § 3551 note. People whose crimes predate November 1, 1987, continue to be governed by the law in force at the time of their offenses, such as the old Chapter 311 of Title 18, which set up a system of parole.

991 F.3d at 852–53. This has created a dual-regime structure, with inmates whose offenses occurred prior to November 1, 1987 being commonly referred to as "old law" prisoners and those whose offenses occurred on or after November 1, 1987 as "new law" prisoners. *See King*, 24 F.4th at 1229. Unfortunately, Mr. Joseph, having committed his offenses prior to November 1, 1987, is an "old law" prisoner. As a result, section 4205 remains the controlling law in Mr. Joseph's case:

> From 1976 to 1984, § 4205(g) defined the procedures through which inmates could gain compassionate release. Under the statute, a prisoner was not allowed to directly request compassionate release by filing a motion in district court. Only the [Bureau of Prisons] could seek such relief on behalf of the inmate.

*Id.* at 1228–29.

At the time the SRA was passed, the SRA left section 4205 in place for pre-SRA offenders "for five years after the effective date" of the SRA. *Id*. at 1229. Since then, Congress has renewed section 4205 ten times, most recently in October 2020. *Id*. As a result, Mr. Joseph continues to remain subject to the compassionate release procedures for "old law" inmates through 2022. *Id*.

To put it simply, Mr. Joseph, who stands convicted of crimes occurring prior to November 1, 1987, may not personally move a district court for compassionate release. *See King*, 24 F.4th at 1229 (citing *Jackson*, 991 F.3d at 854). Therefore, the Court cannot grant Mr. Joseph's Motion—even where the Court finds that Mr. Joseph satisfies the criteria for compassionate release set forth in section 3582(c)(1)(A).

While the Court is unable to grant the relief requested, Mr. Joseph remains able to submit a request for motion under section 4205(g) from the Warden at his facility. U.S. Dep't of Justice, Federal Bureau of Prisons, No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019) ("BOP Guidelines"). In such request, Mr. Joseph must address the extraordinary and compelling circumstances that he believes warrant consideration, as well as his proposed release plan.[3] *Id*. at 3. As explained below, Mr. Joseph has presented extraordinary and compelling circumstances, no longer presents a danger to society, and has an exceptional release plan. Thus, the Court strongly recommends that the Bureau of Prisons grant a request[4] by Mr. Joseph to move the sentencing court to reduce the minimum term of his sentence to time served. *Id*. at 14. Should the Court grant such motion, the

---

[3] In addition, the Warden must consider whether the inmate's release would pose a danger to any other person or society. BOP Guidelines at 2.

[4] Given that the basis for the request is medical in nature, the Court is optimistic that the Bureau of Prisons will expedite the request at all levels. BOP Guidelines at 15.

Warden at Mr. Joseph's institute would then schedule Mr. Joseph for hearing on the earliest Parole Commission docket. *Id*.

Mr. Joseph argues that his circumstances are extraordinary and compelling because he suffers from a deteriorating medical condition made worse by the aging process. Mot. at 13–14.[5] Mr. Joseph is seventy-three years old, suffers from deteriorating medical conditions (including anemia, thrombocytopenia, prediabetes, bilateral low vision), has a history of leukopenia, prostate cancer, and atrial fibrillation, and is also overweight. Report at 5. At the hearing held by Magistrate Judge Becerra, Dr. Kossouf provided new testimony as to Mr. Joseph's disconcerting blood cell condition. *Id*. at 13. Specifically, he testified that Mr. Joseph suffers from a life-threatening blood cell condition that will "inevitably evolve into an aggressive form of leukemia." Report at 13. Importantly, there is no treatment for Mr. Joseph's condition and his most recent bloodwork demonstrated a **<u>sharp deterioration</u>** in his health. *Id*. (emphasis added). Prior to the August 2021 bloodwork, Mr. Joseph's bloodwork had not shown such significantly low white blood cell levels. *Id*. at 14. Even more concerning, Mr. Joseph's blood should be drawn every two months, and Dr. Kossoff was troubled that it was last drawn in August 2021. *Id*. at 9–10.

---

[5] The Sentencing Commission promulgated its policy statement regarding "extraordinary and compelling circumstances" in U.S.S.G. section 1B1.13. The application notes to section 1B1.13 list four circumstances as extraordinary and compelling under section 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. U.S.S.G. § 1B1.13, cmt. n.1. In the Motion, Mr. Joseph argues for the first time that his circumstances are extraordinary and compelling, because, under Application Note 1(B) of U.S.S.G. § 1B1.13, he has a deteriorating medical condition because of the aging process. Mot. at 13–14. Under Application Note 1(B) regarding advanced age and deteriorating health, a defendant is required to prove that he "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13. at cmt. n. 1(B). As the Report explains, there is no question that Mr. Joseph is at least 65 years old and has served at least ten years of his sentence. Report at 12. The only remaining question is whether Mr. Joseph suffers from a "serious, deteriorating health condition due to his age." *Id*. at 14.

Finding that Mr. Joseph has shown extraordinary and compelling reasons warranting compassionate release, the Court considers whether Mr. Joseph remains a danger to society. Prior to the filing of this Motion, the Court concluded that the section 3553(a) factors disfavored a sentence reduction. *Id*. at 15. Since that time, as noted by Magistrate Judge Becerra, Mr. Joseph has presented extensive new evidence that materially impacts this Court's previous analysis. *Id*. at 16. Mr. Joseph has provided significant evidence of both the extent and depth of his family support—financially and emotionally. *Id*. It is the exceptional nature of his family support that makes it extremely unlikely Mr. Joseph will reoffend. *Id*. Moreover, almost forty years have passed since Mr. Joseph committed his offenses and he would be closely supervised while residing with his son and daughter-in-law. *Id*. Further, in an almost unprecedented turn of events, Mr. Tilman, a retired sergeant, testified in support of Mr. Joseph's compassionate release to home confinement. *Id*. at 17. The retired sergeant corroborated the testimony of Trevin Joseph, Mr. Joseph's son, regarding the extensive support Mr. Joseph will have upon his release. *Id*. In other words, Mr. Joseph has a release plan that this Court views favorably.

Again, the Court recognizes that it does not possess the statutory authority to directly address Mr. Joseph's request for compassionate release. That decision lies within the sound discretion of the Bureau of Prisons. But the Court is confident that the analysis of extraordinary and compelling circumstances provided in this Order will facilitate a favorable review of any request made by Mr. Joseph that the Warden of his facility move the Court to reduce his sentence.

A few final observations are in order regarding the practical effect of compassionate release limitations on "old law" prisoners—inmates who were sentenced decades ago, are of advanced age, and in varying degrees of poor health. When the SRA was passed, it included a provision leaving section 4205 in place for five years only. *King*, 24 F.4th at 1229. Since then, Congress has renewed the "old law" no less than ten (10) times, subjecting a certain category of prisoner to

an entirely separate statutory scheme on compassionate release.  *Id*.  By continuing to renew section 4205, Congress forecloses even the possibility that an "old law" prisoner may directly petition this Court for compassionate release.

Importantly, the fact that "old law prisoners can still secure early release through the parole system," *King*, 24 F.4th at 1231, is also not a substitute for the additional avenue provided to "new law" prisoners under the First Step Act.  Parole decisions center around "the details of the offense, prior criminal history, the guidelines which the Commission uses in making their determination, the offender's accomplishments in the correctional facility, details of a release plan, and any problems the offender has had to meet in the past and is likely to face again in the future."  U.S. Dep't of Justice, *Frequently Asked Questions: What happens at a parole hearing?*, https://www.justice.gov/uspc/frequently-asked-questions#q3 (last visited Jun. 2, 2022).  To grant a motion for compassionate release, the court must find "extraordinary and compelling" circumstances.  Extraordinary and compelling circumstances include a serious medical condition, advanced age and deteriorating health, and family circumstances.

The instant case highlights the significance of this difference.  Mr. Joseph is not yet eligible for parole.  Thus, he cannot seek early release through this avenue.  In that way, he is no different from a "new law" prisoner—for whom no parole may be sought.  However, unlike a "new law" prisoner, Mr. Joseph can only request compassionate release through the Warden at his facility.  If the Warden denies his request, that is the proverbial end of the road for Mr. Joseph.  The "new law" prisoner, however, has one additional option—a direct motion to this Court upon exhaustion of administrative remedies.  This disparity between "old law" and "new law" prisoners appears wholly unwarranted.

In sum, the statutory language here is clear and unequivocal.  Mr. Joseph cannot seek relief directly from this Court based on compassionate release under section 3582.  Nonetheless, the

Court trusts that the Warden can initiate the proper compassionate release process for an "old law" prisoner like Mr. Joseph under section 4205. In the meantime, the disparities highlighted in this Order certainly merit further examination by Congress, which is in the best position to determine whether it is appropriate to continue preventing inmates who committed offenses on or before October 31, 1987 from fully availing themselves of the First Step Act. After all, one of Congress's goals in passing the FSA was to broaden the reach of section 3582(c)(1)(A). *See United States v. Bryant*, 996 F.3d 1243, 1261 (11th Cir. 2021); *see also* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018) (titling the Section 3582(c)(1)(A) amendments "INCREASING THE USE AND TRANSPARENCY OF COMPASSIONATE RELEASE").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Report **[ECF No. 850]** is **DENIED** and Defendant's Motion for Compassionate Release **[ECF No. 828]** is **DENIED**. The Clerk is directed to mail a copy of this Order to the Warden at FCI Coleman Medium.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of June, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record

      Warden, FCI Coleman Medium
      846 NE 54th Terrace
      Sumterville, FL 33521